[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS  K. KAHN
CLERK

No. 05-14068
Non-Argument Calendar

_____

D. C. Docket No. 04-00078-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DESMOND PRUITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 15, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On November 18, 2004, appellant was convicted of conspiracy to possess

with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, and, on July 20, 2005, the district court sentenced him to prison for a term of 136 months. He now appeals his conviction and sentence. He asks that we vacate his conviction and direct his acquittal on the ground that the evidence was insufficient to establish the charged offense. Alternatively, he seeks a new trial on the ground that the court abused its discretion in admitting evidence of his prior criminal activity under Fed. R. Evid. 404(b). Appellant challenges his sentence on the ground that the court erred in using five kilograms of cocaine to trigger the ten-year mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(B).

We conclude that the evidence was sufficient to convict and that the court did not abuse its discretion in admitting the Rule 404(b) evidence. We therefore affirm appellant's conviction. Our determination that the evidence was sufficient to establish the five kilogram quantity of cocaine referred to in the indictment forecloses appellant's argument that the court erred in using such amount in determining his sentence. Thus, we affirm appellant's sentence as well.

We address first the sufficiency-of-the-evidence argument, then appellant's Rule 404(b) challenge.

The evidence presented to the jury was more than sufficient to convict appellant of conspiring to possess with intent to distribute five or more kilograms

2

of cocaine because it included testimony that he personally supplied one co-conspirator with approximately four kilograms of cocaine, supplied another co-conspirator with one half to one kilogram of the drug on at least six occasions, and made an agreement with yet another co-conspirator to supply him with an additional five kilograms of cocaine.

The basis for the admission of the Rule 404(b) evidence is this. After the arresting FBI agent, Joel Davis, took appellant into custody and read him his rights, appellant said that he had recently been arrested in Cass County, Texas for possession of nine pounds of marijuana while being paid for "acting as protection" while traveling with his cousin. Because prior trial testimony indicated that some of the cocaine (involved in the conspiracy) had been packaged and transported inside marijuana, the court, over appellant's objection, admitted appellant's statement to the agent, finding that its probative value outweighed its prejudicial effect. After Agent Davis testified, the prosecutor read the following stipulation to the jury: if a Cass County deputy were called to testify, he would say that "on November 19th, 2002, Winston Preston and [appellant] were arrested in Cass County, Texas and that there were eight pounds of marijuana contained in the trunk of the vehicle."

Appellant's plea of not guilty placed in issue his intent to join the alleged

3

conspiracy.  The Rule 404(b) evidence was evidence of such intent.  See United States v. Matthews, 2005 WL 3291400 (11th Cir. (Fla.)).

AFFIRMED.